THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHRISTOPHER SANDERS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CV 18-00049-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

Plaintiff Christopher Sanders, is an inmate at the Federal Correctional Institution in Butner, North Carolina. Proceeding without a lawyer, Mr. Sanders filed the first four pages of the Court's form for filing a motion to proceed in forma pauperis but that document is not signed. (Doc. 1.) In addition, he filed a document entitled "Motion to Appoint Counsel" which the Clerk of the Court docketed as a complaint for administrative purposes. (Doc. 2.) Mr. Sanders does not appear to have any relationship to the District of Montana. Based upon Mr. Sanders's filing history it is recommended that his motion to proceed in forma pauperis (Doc. 1) be denied and the action be dismissed.

1

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A cursory search of cases on the PACER system reveals he has filed civil suits in multiple federal district courts dismissed as frivolous and vexatious or subject to dismissal under § 1915(g)'s three-strikes rule. *See, e.g., Sanders v. United States, et al.*, No. 2:17cv819-WHA [WO] (M.D. Ala. February 21, 2018)(treating Sanders as a three-strike litigant); *Sanders v. United States, et al.*, No. 4:17cv509-BSM (E.D. Ark. Oct. 10, 2017) (same); *Sanders v. United States, et al.*, No. 5:17cv252-WTH (M.D. Fla. June 19, 2017) (same).

Mr. Sanders has had the following cases dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted: (1) *Sanders v. United States*, 1:17cv2909 (N.D. Ill. May 12, 2017) (dismissed for failure to state a claim and as frivolous); *Sanders v. United States*, 4:17cv1110 (S.D. Tex. Apr. 27, 2017) (dismissed as frivolous); *Sanders v. United States, et al.*, 4:17cv227-ACL (E.D. Mo. Feb. 23, 2017) (dismissed as frivolous).

Mr. Sanders has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Even when construed liberally in Mr. Sanders's favor, the allegations in his Complaint do not support a credible finding that he is in "imminent danger of serious physical injury." He appears to be seeking appointment of counsel in an action challenging his criminal conviction in another jurisdiction. Although Mr. Sanders states he has physical and mental issues, he provides no specific information to plausibly suggest that he is in imminent danger of serious physical injury.

While ordinarily litigants are given a period of time to pay the full filing fee of $400.00, Mr. Sanders should not be allowed to do so in this case given his abusive litigation practices. He should have known that he could not submit additional complaints without payment of the filing fee or demonstrating imminent danger of serious physical harm.

Mr. Sanders is not entitled to a ten-day period to object. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

Mr. Sanders's Motion to Proceed in Forma Pauperis (Doc. 1) should be DENIED pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 20th day of March, 2018.

                                                    */s/ John Johnston*
                                                    John Johnston
                                                    United States Magistrate Judge